UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23458-Civ-COOKE/TURNOFF

GS2 CORP.,

      Plaintiff

vs.

REGIONS BANK,

      Defendant.

_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

THIS MATTER is before me on Defendant Regions Bank's Motion to Dismiss Plaintiff GS2 Corp.'s Amended Complaint. (ECF No. 16). I have reviewed the arguments, the record, and the relevant legal authorities. For the reasons provided below, the Defendant's Motion is granted.

## I. BACKGROUND

The facts set forth here are taken from the Plaintiff's Amended Complaint. (ECF No. 15). Plaintiff GS2 Corp. ("GS2") entered into a construction contract with Terra Beachside Villas, LLC ("Terra") to develop and improve a condominium building. On June 9, 2004, Terra obtained a loan for the project from Union Planters Bank, N.A., succeeded in interest by Defendant Regions Bank ("Regions"). On May 13, 2008, GS2 submitted Draw No. 23 to Regions to procure a disbursement of the construction loan funds for work performed on the project. Regions approved the disbursement on May 21, 2008. At some time before August 19, 2008, without notice to GS2, Regions made a decision to stop making any further loan advances to Terra. GS2 continued to perform its obligations under the construction contract, unaware of Regions' decision. GS2 alleges that Regions violated Florida law because it failed to provide

notice that it intended to stop funding the Terra construction project.  GS2 also alleges that Regions violated Florida law when it reallocated loan proceeds earmarked for construction work to non-construction purposes.

On August 21, 2011, GS2 filed suit against Regions in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.  On September 22, 2011, Regions removed the action to this Court on the basis of diversity jurisdiction.  28 U.S.C. § 1332(a)(1). Regions now seeks to dismiss Count I (Equitable Lien Enforcement on Undisbursed Construction Loan Funds), Count II (Equitable Lien Enforcement on Misallocated Construction Loan Funds), Count IV (Improper Disbursement of Loan Proceeds Under Fla. Stat. § 713.3471(3)), Count V (Unjust Enrichment for Improper Notice), and Count VI (Unjust Enrichment for Misallocation of Funds) of GS2's Amended Complaint pursuant to Rule 12(b)(6) of the Rules of Civil Procedure.

## II. LEGAL STANDARD

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley v. Gibson*, 355 U.S. 41 (1957)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009).  Detailed factual allegations are not required, but a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 555).  A complaint's factual allegations must be enough to raise a right to relief above speculative level.  *Id.*

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). A complaint is subject to dismissal under Rule 12(b)(6) "when the allegations—on their face—show that an affirmative defense bars recovery on the claim." *Marsh v. Butler Cnty, Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

### III. ANALYSIS

#### A. Counts I and II (Equitable Liens) and Counts V and VI (Unjust Enrichment)

GS2 asserts two claims for equitable liens. Count I requests that the Court impose an equitable lien on undisbursed construction loan funds that Regions holds. Count II requests that the Court impose an equitable lien on any improperly reallocated construction loan proceeds that Regions holds.

GS2 also pleads two claims for unjust enrichment. In Count V, GS2 alleges that retaining undisbursed construction loan funds has unjustly enriched Regions. In Count VI, GS2 alleges that Regions was unjustly enriched when it misallocated construction loan proceeds for non-construction purposes.

Under Florida law, the elements of an unjust enrichment claim are: "(1) a benefit conferred upon a defendant by the plaintiff, (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for him to retain it without paying the value thereof." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1270 (11th Cir. 2009) (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006)). To obtain an equitable lien on an unjust enrichment claim in the construction context, a plaintiff must show: (1) that the construction project was completed, and

(2) that the defendant engaged in fraud, affirmative deception, or misrepresentation.  *See, e.g.,*

*Rinker Materials Corp. v. Palmer First Nat'l Bank & Trust Co. of Sarasota,* 361 So. 2d 156, 159

(Fla. 1978); *Edd Helms Elec. Contracting, Inc. v. Barnett Bank of S. Fla., N.A.,* 531 So. 2d 238,

239 (Fla. Dist. Ct. App. 1988); *J.G. Plumbing Serv., Inc. v. Coastal Mortg. Co.*, 329 So. 2d 393,

394 (Fla. Dist. Ct. App. 1976).

GS2 fails to allege sufficient facts to support its claims for equitable liens based on unjust

enrichment.  First, GS2 does not allege that it completed construction work.[1]  Second, GS2 fails

to make sufficient allegations of fact to show that Regions engaged in fraud, affirmative

deception, or misrepresentations.  GS2's only allegations in this vein are that "Regions acted in

bad faith when it wrongfully induced GS2 to continue to perform work on the Project without

any intention of full and complete payment to GS2" and "Regions acted in bad faith in

wrongfully reallocated [*sic*] the Construction Loan Proceeds and induced GS2 to continue to

perform work on the Project without any intention of full and complete payment to GS2."  (Am.

Compl. ¶ 65, 73).  These allegations, however, are not supported by any facts to indicate that

Regions committed fraud, affirmative deception, or made misrepresentations, or any facts to

indicate Regions engaged in misconduct to induce GS2 to continue to work.  Counts I and II are

therefore dismissed without prejudice.

GS2 also fails to allege sufficient facts to support its unjust enrichment claims.  GS2's

allegations are nothing more than bare recitations of the elements of the claim, supported by few,

if any, facts.  (*See* Am. Compl. Counts V and VI).  For example, GS2 merely states, in

---

[1] GS2 states that a report prepared by bank inspectors, which it attached to the Amended Complaint, shows that it completed work on the project.  However, the report, dated May 2008, states that 96% of the work was completed and the project would be complete in the next three months.  The letter attached to the report states, "[m]odest progress continues to be made in the construction of the units and the development of the site."  (Am. Compl. Ex. S, ECF No. 15-10).  The report therefore does not support GS2's contention that it completed work on the project.

conclusory fashion, that it "conferred a benefit on Regions, who has knowledge thereof" and "Regions voluntarily accepted and retained the benefit conferred."  (Am. Compl. ¶¶ 67, 68, 74, 75).  For this reason, Counts V and VI are also dismissed without prejudice.

**B.  Count IV (Violation of Fla. Stat. § 713.3471(3))**

GS2 contends that Regions violated Fla. Stat. § 713.3471(3).  Under this statute, if the lender (Regions) and borrower (Terra) have earmarked a portion of the construction loan proceeds, the borrower cannot authorize the lender to disburse the funds for any other purpose until the contractor (GS2) receives notification.  Fla. Stat. § 713.3471(3)(a).  "Designated construction loan proceeds" are defined as the portion of the loan allocated to actual construction costs of the facility.  *Id*.  The owner or lender is not required to give notice of disbursement of designated construction loan proceeds to the contractor unless the total amount of all disbursements exceeds 5% of the original amount of the designated construction loan proceeds or $100,000.00, whichever is less.  Fla. Stat. § 713.3471(3)(e).  A lender who violates this section is liable to the extent of any disbursements *or* to the extent of the actual value of the materials, direct labor costs plus 15% for overhead, profit, and all other costs, whichever is less.  Fla. Stat. § 713.3471(3)(f).

GS2 pleads that, beginning in October 2007 and continuing periodically until August 2008, Regions reallocated "designated construction loan proceeds" toward non-construction purposes.  GS2 fails to provide any facts regarding the disbursed funds except that they were misallocated.  It does not allege, for example, whether the total amount of all disbursements exceeds 5% of the original amount of the designated construction loan proceeds or $100,000.00, or what Regions reallocated the funds for other than construction.  Count IV is dismissed without prejudice.

## IV. CONCLUSION

For the reasons provided, it is **ORDERED and ADJUDGED** that Defendant's Motion to Dismiss is **GRANTED**.  GS2 may file a Second Amended Complaint within twenty-one days of the date of this Order.

**DONE and ORDERED** in chambers at Miami, Florida, this 23rd day of March 2012.

_Marcia G. Cooke_

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*